```
             IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF COLUMBIA
```

|   |   |
|---|---|
| CLIFFORD F. SMITH ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-2042 (CKK) |
| ) | |
| ALPHONSO R. JACKSON, ) | |
| Secretary, ) | |
| U.S. Department of Housing ) | |
| and Urban Development ) | |
| ) | |
| Defendant. ) | |

## ANSWER TO COMPLAINT

Defendant Alphonso Jackson, in his official capacity as Secretary of the Department of Housing and Urban Development ("HUD"), through undersigned counsel, submits the following answer to Plaintiff's Complaint:

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Court lacks jurisdiction over some or all of the claims asserted in this action.

### THIRD DEFENSE

Service of process was untimely and insufficient.

### FOURTH DEFENSE

Plaintiff has failed to exhaust his administrative remedies.

**FIFTH DEFENSE**

Defendant exercised reasonable care to prevent and correct promptly any harassing behavior and Plaintiff unreasonably failed to take advantage of the opportunities provided by Defendant and to otherwise avoid harm.

**SIXTH DEFENSE**

In response to the numbered paragraphs of the complaint in the order that they appear, Defendant answers as follows:

1. The Defendant admits that Clifford Smith is the Plaintiff in this action. The remaining allegations in paragraph 1 are Plaintiff's characterization of his law suit to which no response is required. To the extent a response is deemed required, they are denied.

2. The allegations contained in paragraph 2 are legal conclusions, to which no response is required. To the extent a response is deemed required, they are denied.

3. The allegations contained in paragraph 3 are legal conclusions, to which no response is required. To the extent a response is deemed required, the Defendant admits venue is proper.

4. Admitted on information and belief.

5. Defendant admits that the Secretary of the Department of Housing and Urban Development is Alphonso Jackson. Defendant denies the remaining allegations in paragraph 5.

6. Defendant admits that Plaintiff began his employment at HUD in 1984. Defendant admits that Plaintiff was assigned to the Procurement Management Division in August 1998. Defendant denies the remaining allegations in paragraph 6.

7. Defendant admits that Plaintiff was ordered to report to work on April 26, 2002, when he had already worked 40 hours, and that Plaintiff did not report to work on April 26, 2002. Defendant denies the remaining allegations in paragraph 7.

8. Defendant admits that the Agency revoked Plaintiff's Compressed Work Schedule on April 30, 2002; that the Union filed a Demand to Bargain on April 30, 2002; and that Plaintiff was charged with Absent Without Leave (AWOL) on May 10, May 13, May 23 and May 24, 2002. Any allegation or inference inconsistent with the foregoing is denied. Defendant denies the remaining allegations in paragraph 8.

9. Defendant admits that on May 1, 2002, Thomas Vincent and Plaintiff met on three occasions to discuss Plaintiff's work assignments; that on May 2, 2002, Mr. Vincent called Plaintiff on the telephone; that Mr. Vincent went to Plaintiff's office and requested that Plaintiff meet with him in his office, which Plaintiff refused to do; and that Mr. Vincent advised Plaintiff that a union representation would not be necessary at that meeting. Any allegation or inference inconsistent with the foregoing is denied. Defendant denies the remaining allegations in paragraph 9.

10. Denied.

11. Defendant lacks knowledge or information sufficient to admit to deny the allegations in paragraph 11, except to deny that any improper or discriminatory action on the part of the Defendant caused or contributed to the alleged health problems.

12. Defendant admits it received letters from Yasmin Panahy, MD, dated May 3, May 9 and May 17, 2002; that Plaintiff was placed on AWOL on May 10, May 13, May 23 and May 24, 2002; that in 2002, Plaintiff was at times placed on Leave Without Pay (LWOP); and that Plaintiff was warned of possible disciplinary consequences if he did not report to work. Any allegation or inference inconsistent with the foregoing is denied. Defendant denies the remaining allegations in paragraph 12.

13. Defendant admits that Thomas Vincent sent Plaintiff several emails in May 2002 to check on the status of Plaintiff's work, and that he had many conversations with the Plaintiff regarding his work assignments. The Defendant denies the remaining allegations in paragraph 13 and specifically denies any threats or harassment or that any improper actions or discrimination caused or contributed to Plaintiff's alleged health problems. The Defendant has insufficient knowledge or information to either admit or deny allegations concerning Plaintiff's health.

14. Defendant denies the allegations in paragraph 14 and avers that on May 21, 2002, Thomas Vincent issued a memorandum to

Plaintiff acknowledging receipt of Plaintiff's disability certificates from Dr. Panahy and Dr. Katz, and requested that Plaintiff provide him with additional medical information so that Mr. Vincent could determine what reasonable accommodation would be necessary for Plaintiff; that on June 11, 2002, Mr. Thomas sent another request for medical information; and that Theodore Ford sent a memorandum on June 17, 2002, also requesting that Plaintiff provide the Agency with additional medical documentation.

15. Defendant denies the allegations in paragraph 15 and avers that on May 22, 2002, Thomas Vincent reminded Plaintiff that effective May 5, 2002, Plaintiff's tour of duty was changed to a fixed worked schedule of Monday through Friday, from 8:45 AM to 5:15 PM; and that Mr. Vincent informed Plaintiff that if he failed to report to work on May 23, 2002 or May 24, 2002, he would be placed on Absent Without Leave (AWOL). Any allegation or inference inconsistent with the foregoing is denied.

16. Defendant admits that on one occasion, Thomas Vincent and Brenda Lambert visited Plaintiff in his office to discuss his work. The Defendant avers that on that occasion, the Plaintiff asked Mr. Vincent to move so that he could leave the office to get a cup of water; that Mr. Vincent said that he needed to discuss the status of Plaintiff's work with him; that Mr. Vincent allowed Plaintiff to leave the office to get a cup water; and that Mr. Vincent continued to try to discuss Plaintiff's work

with him after Plaintiff left his office to get water; and that Plaintiff then left the office. Defendant denies the remaining allegations in paragraph 16 or any allegation or inference inconsistent with the foregoing. The Defendant also denies that any improper action or discrimination caused or contributed to Plaintiff's alleged physical symptoms. The Defendant has insufficient knowledge or information to either admit or deny the Plaintiff's physical or emotional state.

17. Defendant admits that Teresita Tomita overheard a discussion between Mr. Vincent and Plaintiff regarding work on some files and that employees in the Procurement Management Division, which may have included Kathy Tanner, told James Smallwood about a discussion between Mr. Vincent and Plaintiff regarding the status of Plaintiff's work. The Defendant denies any and all allegations of threats, harassment, or discriminatory conduct.

18. Defendant admits the allegation contained in the first sentence of paragraph 18. Defendant also admits that on one occasion, Thomas Vincent and Brenda Lambert visited Plaintiff in his office to discuss his work, as indicated in Defendant's response to paragraph 16, but denies all allegations of threats or harassment. Defendant lacks knowledge or information sufficient to admit or deny the allegations in the last two sentences in paragraph 18.

19. Defendant admits that Mr. Vincent may have had a meeting with Plaintiff and someone from the Union, but denies the remainder of the allegations in the first three sentences in paragraph 19. Defendant admits that on or about June 13, 2002, Plaintiff was reassigned to an office on the 9th floor and was directed to report to Bernard Morton and Don Schade, but denies that there was a hostile work environment. Defendant lacks knowledge or information sufficient to admit or deny the allegations in the last sentence in paragraph 19, except to deny that Plaintiff was mistreated or harassed.

20. Defendant avers that Plaintiff was assigned a new supervisor, Don Schade, effective August 4, 2002; that Thomas Vincent requested that Plaintiff be placed on AWOL in June 2002; and that Thomas Vincent signed Plaintiff's Time and Attendance records through July 27, 2002. The Defendant denies any allegation or inference of impropriety, harassment or discrimination in paragraph 20.

21. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 21, except to deny that these alleged symptoms were caused by any harassment or discrimination on the part of Defendant.

22. Defendant admits that on July 29, 2002, Plaintiff was reassigned to a workspace on the 2nd floor and ordered to report directly to Don Schade, Director of the Procurement Management Division, effective August 4, 2002, and that he would no longer

have to report to Thomas Vincent or Brenda Lambert. The Defendant denies any allegation inconsistent with the foregoing and denies that the allegations concerning Plaintiff's physical and mental state were caused by harassment or discrimination on the part of Defendant. The Defendant lacks sufficient information to either admit or deny Plaintiff's allegations concerning his health.

23. Denied.

24. Defendant incorporates herein by reference his answers to paragraphs 1-23 of the complaint.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Defendant incorporates herein by reference his answers to paragraphs 1-28 of the complaint.

30. Admitted.

31. Denied.

32. Denied.

33. Denied.

34. Defendant incorporates by reference herein his answers to paragraphs 1-33 of the complaint.

35. Denied.

36. Denied.

37. Defendant incorporates by reference herein his answers to paragraphs 1-36 of the complaint.

40. Admitted.

41. Denied that plaintiff suffered unlawful discrimination.

42. Denied that there was a hostile work environment.

43. Denied that there was a hostile work environment.

44. Denied that plaintiff suffered unlawful discrimination.

45. Defendant incorporates by reference herein his answers to paragraphs 1-44 of the complaint.

46. Denied that plaintiff suffered unlawful retaliation.

47. Denied.

The remaining paragraphs are Plaintiff's prayer for relief to which no response is necessary. To the extent that a response may be deemed necessary, Defendant denies that Plaintiff is entitled to the relief sought, or to any relief whatsoever. Defendant avers that any award of compensatory damages would be subject to and limited by 42 U.S.C. § 1981a, and that liquidated damages may not be awarded in this action.

All allegations not expressly admitted or denied are denied.

Wherefore, it is respectfully requested that the Court dismiss the complaint and grant such other relief it deems appropriate.

Respectfully submitted,

/s/ *Kenneth L. Wainstein/dvh*
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/ *Rudolph Contreras/dvh*
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/ *Diane M. Sullivan*
DIANE M. SULLIVAN, D. C. BAR # 12765
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Civil Division
Washington, D.C. 20530
(202) 514-7205

Of Counsel:
JENNIFER EVERT
Office of General Counsel
Department of Housing and
Urban Development

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by First-Class Mail; postage prepaid to:

CLIFFORD F. SMITH
203 Battersea Lane
Fort Washington, MD 20746

on this \_\_\_24th\_\_\_ day of July, 2006.

*Diane M. Sullivan*
DIANE M. SULLIVAN
Assistant United States Attorney
555 Fourth Street, N.W.
Room E4919
Washington, D.C.   20530
(202) 514-7205