**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| CLIFFORD F. SMITH ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-2042 (CKK) |
| ) | |
| ALPHONSO R. JACKSON, ) | |
| Secretary, ) | |
| U.S. Department of Housing ) | |
| and Urban Development ) | |
| ) | |
| Defendant. ) | |

**MOTION TO COMPEL**

The defendant, pursuant to Rules 34(c) and 45 of the Federal Rules of Civil Procedure, moves to compel the production of Dr. Frank E. Michener's office notes and psychotherapy records.

On December 13, 2007, counsel wrote to Dr. Michener requesting the production of all of his records concerning the plaintiff, Mr. Clifford Smith. Included in the letter were two properly executed HIPPA releases by Mr. Smith for both his medical and psychological records and a subpoena duces tecum for a document deposition which could be satisfied by producing copies of his records (Exhibit 1). Rather than produce copies of the requested records, Dr. Michener only produced copies of his conclusionary medical reports dated December 27, 2006, September 10, 2002, February 26, 2003, June 23, 2003 and a copy of his

ledger (Exhibit 2).[1]  On January 23, 2006, counsel for the defendant again requested copies of Dr. Michener's progress notes and records concerning Mr. Smith (Exhibit 3).  To date, Dr. Michener has not produced his progress notes, or his psychotherapy notes concerning Mr. Smith or contacted counsel.

While the Supreme Court, in Jaffe v. Redmond, 518 U.S. 1 (1996), recognized for the first time a federal psychotherapist privilege under Rule 501 of the Federal Rules of Civil Procedure, the District of Columbia has long recognized a physician-patient privilege and it also recognizes psychotherapists within the privilege. See D.C. code Ann. § 14-307.[2]  However, this privilege can and has been waived by Mr. Smith - the person the privilege is designed to protect. See Jaffe v. Redmond, 518 U.S. at 9-10.  Mr. Smith has put his mental health in issue by alleging that his deteriorating mental state was the result of the actions of his supervisor, Mr. Vincent, and provided certain medical reports in support of his contention  (Complaint, passim).  Mr. Smith filed a Workers' Compensation Claim contending that the actions of his employer created such physical and emotional stress, it caused him to be unable to work.  See e.g. Whitbeck v. Vital Signs, Inc., 163 F.R.D. 398 (D.D.C.) (party who provides favorable

---

[1] A copy of these reports is not attached due to the privacy concerns of the plaintiff.

[2] The statute recognizes that the consent of the patient, or his or her legal representative, can waive the privilege.

portion of medical records is deemed to have waived medical privilege to similar material which is potentially damaging). Finally, and most importantly, Mr. Smith, at his deposition, in the presence of his attorney, and on the advice of his attorney, executed a duly authorized HIPPA release for psychotherapy records (Exhibit 1). This release specifically authorized the disclosure of Mr. Smith's psychotherapy records to defense counsel for the purposes of this litigation (<u>Id</u>.). The privilege belongs to Mr. Smith, not to the psychotherapist or psychiatrist. Dr. Michener should be compelled to produce the records requested.

   Dr. Michener's ledger clearly reveals that Mr. Smith has been treated on a monthly basis for approximately four years. Mr. Smith alleges that his prior work situation under Mr. Vincent is the cause of all his mental and physical problems. The defendant is entitled to review Dr. Michener's progress notes and psychotherapy notes for the purpose of determining if Mr. Smith should undergo an IME or the defendant should retain an expert. It is important to note that Mr. Smith has identified Dr. Michener as an expert witness on his behalf. The factual basis for his expert opinions must, for the most part, be contained in his progress and psychotherapy records. Dr. Michener's progress and psychotherapy notes should be made available for cross-examination as well.

Wherefore, it is respectfully requested that the Court enter an order directing Dr. Frank E. Michener to produce to defense counsel copies of any and all medical records and progress notes including psychotherapy notes concerning Mr. Smith. A copy of this motion is being served on Dr. Frank E. Michener.

Respectfully submitted,

__/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


__/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


__/s/_____
DIANE M. SULLIVAN, D. C. BAR # 12765
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Room E4919
Washington, D.C. 20530
(202) 514-7205

**CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing has been served by causing a copy to be mailed, postage pre-paid, to:

FRANK E. MICHENER, M.D.
2059 Hunting Avenue
Suite 108
Alexandria, VA 22303

this _____ day of February, 2007.

 

_____
DIANE M. SULLIVAN
Assistant United States Attorney
555 4TH St., N.W.,
Room E4919
Washington, D.C.  20530
(202) 514-7205