IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CLIFFORD F. SMITH ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-2042 (CKK) |
| ) | |
| ALPHONSO R. JACKSON, ) | |
| Secretary, ) | |
| U.S. Department of Housing ) | |
| and Urban Development ) | |
| ) | |
| Defendant. ) | |
| ) | |

**REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS AND FOR SUMMARY JUDGMENT**

Plaintiff, a 71 year old African American, brings this suit under "Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 5 2000 and Section 1981" (Opposition (Opp.), p. 10). Plaintiff alleges that he was subjected to discrimination, harassment, and disparate treatment based upon his race and color, as well as retaliation, when his former supervisor allegedly attacked his performance, shouted and made threats to plaintiff, changed his work schedule, charged plaintiff with Absence Without Leave (AWOL), issued a proposal to suspend and physically blocked his path when plaintiff tried to leave his office (Opp., p. 10).[1]

---

[1] The defendant is still unclear if plaintiff seeks to assert a claim under the ADEA.  Although plaintiff initially raised an ADEA claim with the EEO Counselor, neither his complaint nor his opposition cites to the ADEA statute.  To the extent plaintiff asserts an ADEA claim, it is without merit for

Defendant filed a Motion to Dismiss and for Summary Judgment. Plaintiff opposes the motion asserting that the "undisputed" facts demonstrate that "plaintiff has met his burden under Title VII . . ." and the Court should ". . . allow a jury of peers to hear his case." Plaintiff's opposition fails to raise a genuine issue of material fact for trial. Plaintiff's opposition relies on plaintiff's unsupported opinions, erroneous conclusions and subjective speculation. Thus, the defendant's motion should be granted.

## **Argument**

### I. **Plaintiff's Claims Regarding Change in Work Schedule And AWOL Are Barred by His Union Grievance**

Plaintiff contends that his claims of discrimination regarding the temporary revocation of his Condensed Work Schedule (CWS) and charging him with AWOL for ignoring this change may be distinguished from the same claims asserted in his grievance, and therefore, they are not barred by 28 C.F.R. § 1614.301. Plaintiff admittedly asserted in his grievance filed under the negotiated grievance procedure that the revocation of his CWS and charging him with AWOL was "blatant, disparate treatment" by Mr. Vincent (Opp., p. 17; ROI, Ex. 15). Plaintiff attempts to argue that because his EEO "complaint claimed hostile work environment (harassment), race and age discrimination . . . not because of

---

the reasons addressed in defendant's motion and herein.

the revocation of his CWS and the AWOL, but because of the mistreated [sic] meted out to him by Mr. Vincent," they are not rooted in the same factual nucleus (Opp., p. 18).

Plaintiff's argument is belied by the undisputed facts contained in the record and plaintiff's testimony (see generally the ROI and the Complaint).  Revocation of plaintiff's CWS and charging him with AWOL, including the events leading up to and following the decision, was the focus of the EEO investigation and is an integral part of plaintiff's District Court Complaint.  Plaintiff, in the "Introduction" to his opposition claims that revocation of his CWS and placing him on AWOL "subjected him to discrimination, disparate treatment and retaliation." (Opp., p. 10)(emphasis supplied).

Plaintiff is merely asserting a different theory or, more appropriately stated, an additional theory arising from the same operative facts.  Moreover, plaintiff claims that these actions were discriminatory (i.e. disparate treatment), independent of his claim of a hostile work environment.  By electing to proceed under HUD's negotiated grievance procedure, plaintiff removed his discrimination claims over his CWS and AWOL, regardless of the particular legal theory he may now assert, from consideration under the EEO regulations. Johnson v. Peterson, 966 F.2d 397, 399 (D.C. Cir. 1973); Guerra v. Cuoma, 176 F.3d 547 (D.C. Cir, 1999); Wiggins v. Powell, 2005 WL 555417 (D.D.C.).  Significantly,

plaintiff asserts in his opposition that he was retaliated against because of his Union grievance. A Union grievance is not protected activity unless the plaintiff alleges discrimination based on race, color (or age). See Ramey v. Potomac Alec. Power Co., 468 F.Supp. 2d 51, 58-59 (D.D.C. 2006), citing Jones v. Billington, 12 F.Supp. 2d 1, 13 (D.D.C. 1997).

Thus, those claims asserted in his grievance should be dismissed.

## II.  Hostile Work Environment Claim

Although plaintiff correctly cites the law applicable to a hostile work environment claim, he fails to produce credible evidence that his treatment was sufficiently severe or pervasive as to constitute a hostile work environment. Moreover, plaintiff completely fails to sustain his burden to produce evidence that the actions taken against him by Mr. Vincent were based upon either his race or his age. Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993); Stewart v. Evans, 275 F.3d 1126, 1133 (D.C. Cir. 2002).

The actions about which plaintiff complains such as temporarily changing his CWS, charging plaintiff with AWOL for his failure to comply with management's temporary revocation of his CWS, yelling at plaintiff, disparaging his work, repeated emails and telephone calls about the SASI contract and blocking plaintiff's path when he attempted to leave the office, even if

true, would not rise to the level of a hostile work environment.[2]

Plaintiff's allegations stem from his failure to complete his assignment on the SASI contract and his supervisor's efforts to have plaintiff complete the assignment.  The duration of plaintiff's conflict with his supervisor, Mr. Vincent, was brief.  It began on April 25, 2002 and essentially ended when the contract was reassigned to the most junior person in the office who completed it before it was awarded on May 17, 2002 (ROI, Exs. 7, 9; Vincent Dep., pp. 129, 131-132).  The plaintiff was temporarily reassigned to the supervision of Mr. Schade, Division Director, on June 13, 2002.  Plaintiff experienced no problems working for Mr. Schade or Mr. Morton, his new team leader, during June and July, 2002.  Plaintiff had no further contact with Mr. Vincent after June 13, 2002 (Pl. Dep. II, pp. 81-82).  Yelling at and criticizing a subordinate's work (even unfairly) does not create a hostile work environment. Singh v. U.S. House of Representatives, 300 F.Supp. 2d 56-58 (D.D.C. 2004).

Plaintiff's opposition fails to raise any credible evidence that he was subjected to intimidation, or insult because of his race or age.  Plaintiff failed to complete his assignment, he

---

[2] Apparently, plaintiff now contends that the revocation of his CWS and charging him with AWOL is not part of his hostile work environment claim (See Pl. Opp., p. 18).  But even if it were part of his hostile work environment claim, there is no evidence that these actions were taken for any reason other than plaintiff's conduct and performance on the SASI contract. See Barbour v. Browner, 181 F.3d 1342, 1347 (D.C. Cir. 1999).

failed to comply with the new work schedule, and he failed to comply with a direct order from his supervisor.  The undisputed evidence demonstrates that Mr. Vincent's actions were precipitated by plaintiff's conduct, not his race or age.  Significantly, none of plaintiff's co-workers, who were all minorities and over age 40, believed that Mr. Vincent's conduct demonstrated any impermissible discriminatory motive.

The plaintiff may not rely on his personal opinions, unsupported conclusions, or unbridled speculation to defeat a motion for summary judgment.  <u>Celotex Corp. v. Catrell</u>, 477 U.S. 317, 323 (1986); <u>Green v. Dalton</u>, 164 F.3d 671, 675 (D.C. Cir. 1999).  The allegedly rude comments, unjust criticism, stressful working conditions are the "ordinary tribulations of the workplace." <u>Richard v. Bell Atlantic Corp</u>. , 209 F. Supp. 2d 23, 25 (D.D.C. 2002).  Plaintiff's reactions to the actions of his supervisor and team leader are not those of a reasonable person.  <u>Harris v. Forklift Systems, Inc</u>., 510 U.S. 17, 21-22 (1993).  Plaintiff has not presented evidence that would permit a reasonable fact-finder to conclude he was subjected to a hostile work environment.

### III. **Plaintiff Fails to Present Sufficient Evidence to Sustain a Discrimination Claim**

Plaintiff asserts that "he has demonstrated that he was the only employee that Mr. Vincent mistreated" (Opp., p. 16).  Although plaintiff  alleges that he was treated differently than

similarly situated employees not within the protected groups, plaintiff fails to identify one comparator or any other evidence that would permit an inference of discrimination. Stella v. Mineta, 284 F.3d 135 (D.C. Cir. 2002). Plaintiff fails to identify one other employee who failed to comply with a direct order, who was insubordinate to his/her team leader, or who failed to complete a comparable assignment. Barbour, 181 F.3d at 1351. Plaintiff baldy asserts that he has established pretext. However, he fails to cite to any testimony or other evidence which would show that the reasons given by Mr. Vincent for his actions were either wrong or pretext for discrimination based on plaintiff's race or age. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507 (1993); Samii v. Billington, 195 F.3d 1, 3 (D.C. Cir. 1999).

### IV. Plaintiff Cannot Prove Retaliation under Title VII or The ADEA

Plaintiff alleges that Mr. Vincent retaliated against him because of his union grievance over the temporary revocation of his CWS and charging him with AWOL for ignoring the revocation. To the extent plaintiff makes this claim, it reinforces defendant's argument that his union grievance based on disparate treatment bars his claims concerning the revocation of his CWS and AWOL. See 28 C.F.R. 1614.301 (See Defendant's Motion, pp. 13-14 and supra, p. 3).

In order to establish retaliation, plaintiff must prove (1)

that he engaged in protected activity, (2) that the employer took materially adverse action such that a reasonable employee would be dissuaded from making or supporting a charge discrimination and (3) that there was a causal link between the action and the protected activity. Rochon v. Gonzales, 438 F.3d 1211, 1219.20 (D.C Cir. 2006); see also Burlington N. & Santa Fe Ry Co. v. White, 126 S.Ct 2405, 2410 (2006).  Clearly, plaintiff takes the position that the disparate treatment claim asserted in his grievance was prior EEO activity and that he meant to assert a claim of discrimination and disparate treatment based on either race or age in his grievance.  However, plaintiff cannot establish sufficient evidence that would permit a reasonable fact-finder to conclude that he was subjected to a materially adverse action under Rochon and Burlington Northern or that there was a causal link between the action and the protected activity.

Plaintiff fails to demonstrate any "objectively tangible harm" when plaintiff was advised he would return to his original work station on July 29, 2002.  The record is clear that plaintiff was temporarily assigned to report to Mr. Schade beginning on June 13, 2002 and this arrangement was made permanent on July 29, 2002 when Mr. Schade became his permanent supervisor (ROI, Ex. 20).  Moreover, in the same letter, plaintiff was advised that the temporary revocation of his CWS expired on July 5, 2002 and that any charges of AWOL after July

14, 2002 would be expunged (Id.).  Plaintiff had no problems working with Mr. Schade or Mr. Morton, his new team leader (Pl. Dep. II, pp. 82-83).  Plaintiff's return to his work station in the Division supervised by Mr. Schade, without more, does not amount to "objectively tangible harm" under Rochon.  Plaintiff's personal preference to remain on the 9th floor so that he would not see Mr. Vincent cannot, without more, demonstrate a materially adverse action.  Significantly, plaintiff's CWS was reinstated and Mr. Vincent would no longer be signing plaintiff's leave slips or charging him with AWOL.  This is hardly materially adverse action.

Finally, plaintiff fails to establish any causal connection between his union activities and his return to his work station in the Division.  Although temporal proximity to prior EEO activity may in some circumstances permit an inference of causation, here such an inference fails. Jones v. Washington Metropolitan Area Transit Authority, 946 F.Supp. 2d 1011, 1021 (D.D.C. 1996).  After his union grievance was filed in April, 2002, plaintiff was temporarily removed from Mr. Vincent's supervision and temporarily relocated to the 9th floor.  Mr. Schade, the Division Director, became plaintiff's temporary supervisor.  On June 29, 2002, Mr. Schade became plaintiff's permanent supervisor and it was only reasonable that plaintiff would return to the Division closer to his supervisor and to his

team leader, Mr. Morton.  There is no evidence that the union grievance was the cause of this action; rather, the cause was the agency's decision to formalize the temporary supervisory arrangement (ROI, Ex. 20).  Thus, plaintiff cannot maintain a retaliation claim.

## Conclusion

For the foregoing reasons and the reasons stated in defendant's motion, judgment should be entered in favor of the defendant.

                              Respectfully submitted,

                              __/s/_____
                              JEFFREY A. TAYLOR, D.C. BAR # 498610
                              United States Attorney

                              __/s/_____
                              RUDOLPH CONTRERAS, D.C. BAR # 434122
                              Assistant United States Attorney

                              __/s/_____
                              DIANE M. SULLIVAN, D. C. BAR # 12765
                              Assistant United States Attorney
                              Judiciary Center Building
                              555 Fourth Street, N.W.
                              Room E4919
                              Washington, D.C. 20530
                              (202) 514-7205