IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLIFFORD F. SMITH,  Plaintiff, | ) ) ) ) ) |
| v. | ) Civil Action No. 05-2042 (CKK) ) |
| ALPHONSO R. JACKSON, Secretary, U.S. Department of Housing and Urban Development  Defendant. | ) ) ) ) ) ) ) ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS**

The defendant responds to plaintiff's statement of facts as follows:

1-3. Plaintiff's admits Defendant's Statement of Material Facts Not in Issue Nos. 1-3.

4. The plaintiff admits that his supervisor instructed him to come to work on April 26, 2002 to complete the assignment on the SASI contract and that he failed to come to work on Friday, April 26, 2002 or Monday, April 29, 2002. The remainder of plaintiff's response to No. 4 consists of his conclusions and arguments and a general denial that do not raise a genuine issue for trial. The undisputed fact remains that plaintiff was told by his supervisors to come to work on his CWS days to finish his assigned work (ROI, Ex. 7, p. 9). He failed to do so. The undisputed fact remains that plaintiff's team leader and his supervisors wanted the contract completed by April 26, 2002 and

that the plaintiff had no authority to unilaterally change the due date (ROI, Ex. 7; Vincent Dep., 128-129; ROI, Ex. 6, p. 1).

    5.    Plaintiff's general denial and unsupported opinion fail to raise a genuine issue of fact for trial. Defendant notes that plaintiff admits that his actions on April 25, 2002 were insubordinate.

    6.    Plaintiff admits that he continued to work his Compressed Work Schedule (CWS) after his CWS was revoked. Plaintiff's excuse is immaterial. The Union was not his supervisor. Plaintiff was on notice that management did not agree with the Union. If the grievance had been successful, plaintiff would have not been charged with AWOL and his CWS reinstated. However, if plaintiff lost his grievance, he would be charged with AWOL for failure to comply with the new schedule. The CWS was determined not to be a bargaining issue under the collective bargaining agreement, and plaintiff lost his grievance. (ROI, Ex. 21).

    7-8. Plaintiff admits these paragraphs (<u>See</u> <u>also</u> Response to No. 6). The Demand to Bargain Letter was responded to by Mr. Vincent and plaintiff's grievance was denied in September 2002 (ROI, Ex. 21).

    9-10.    The defendant admits that plaintiff and the Union filed a grievance and a "Demand to Bargain" letter, respectively on or about April 29th or April 30th (ROI, Exs. 15, 21), rather

than May 29, 2002 cited in defendant's statement of material facts.

11-13.   Plaintiff admits Paragraphs 11-13 of Defendant's Statement of Material Facts Not in Dispute.

14.   The plaintiff admits this statement in substance.  The record of Dr. Panahy's correspondence with the agency speaks for itself (ROI, Exs. 16, 17, 19).

15.   Plaintiff admits the defendant's statement of facts contained in Paragraph 15.  The second sentence is plaintiff's unsupported conclusion which fails to raise a genuine issue for trial (See ROI, Ex. 17 and the specific requests in Ex. 16).

17.   Plaintiff admits defendant's statement of fact.  Plaintiff and/or Dr. Panahy's opinion that her short letter ". . . was sufficient to answer their request" is a conclusion on their part that fails to raise an issue of fact for trial (Compare ROI, Ex. 16, 17 and 19).

18.   Plaintiff admits that he was relocated to the 9th Floor on June 13, 2002 and ordered to report to Don Schade, the Director of Procurement Management and Bernard Morton, who was the other team leader.  The remainder of plaintiff's statement consists of opinions and conclusions that are immaterial.

19-25.   Plaintiff admits Defendant's Statement of Material Facts Not in Issue Nos. 19-25.

26.   Plaintiff's Paragraph 26 is three and one half pages of

an emotional recitation of plaintiff's allegations, opinions, speculations, and conclusions unsupported by the record.  It fails to raise an issue of material fact for trial.

        Respectfully submitted,

        __/s/_____
        JEFFREY A. TAYLOR, D.C. BAR # 498610
        United States Attorney


        __/s/_____
        RUDOLPH CONTRERAS, D.C. BAR # 434122
        Assistant United States Attorney


        __/s/_____
        DIANE M. SULLIVAN, D. C. BAR # 12765
        Assistant United States Attorney
        Judiciary Center Building
        555 Fourth Street, N.W.
        Room E4919
        Washington, D.C. 20530
        (202) 514-7205